**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



DCD PARTNERS, LLC, a California limited liability company; et al.,

    Plaintiffs-Appellees,

 v.

TRANSAMERICA LIFE INSURANCE COMPANY,; successor in interest to Transamerica Occidental Life Insurance Company,

    Defendant-Appellant.

No. 19-55037

D.C. No.
2:15-cv-03238-CAS-GJS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted April 3, 2020**
Pasadena, California

Before: WARDLAW, MURGUIA, and MILLER, Circuit Judges.

Transamerica Life Insurance Company appeals from a judgment in favor of

DCD Partners, LLC in DCD's action for breach of contract and breach of the

---

 &ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 &ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

implied covenant of good faith and fair dealing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.	We must uphold a jury verdict "if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)). We conclude that the evidence was sufficient to permit the jury to find that Transamerica breached a contractual commitment to change the monthly deduction rate only upon an increase in its expectations of future costs.

The policies provided that "[a]ny change in the monthly deduction rates will be prospective and will be subject to [Transamerica's] expectations as to future cost factors . . . [which] include, but are not limited to: mortality; expenses; interest; persistency; and any applicable federal, state and local taxes." Both parties' interpretations of the clause are reasonable, making it ambiguous. *See Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995) (explaining that a "policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable"). DCD's interpretation, which is consistent with the objectively reasonable expectations of the insured, is supported by extrinsic evidence, including the testimony of a former Transamerica executive, as well as Transamerica's own statements in a letter to an insured that "we only

2

make changes [to the monthly deduction rate], either upward or downward, if a change occurs in our expectation for the future." *See London Mkt. Insurers v. Superior Court*, 53 Cal. Rptr. 3d 154, 160 (Cal. Ct. App. 2007) (holding that a court can consider extrinsic evidence in determining whether policy language is ambiguous, and stating "[i]f policy language is ambiguous, an interpretation in favor of coverage is reasonable only if it is consistent with the objectively reasonable expectations of the insured").

Transamerica's actuarial witness admitted that when conducting the analysis that led to the rate increase, he did not "go back and compare . . . the original mortality assumptions that Transamerica had . . . [when] it issued the policies in 2004." Although he also testified that Transamerica "had identified that in 2007 there was a big change in mortality," the jury was free to reject that assertion. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) (explaining that the court "must disregard all evidence favorable to the moving party that the jury is not required to believe").

Because the jury's finding of breach was adequately supported, we need not address the sufficiency of DCD's other theory of breach.

In addition, sufficient evidence supported the jury's findings of causation and damages. "The test for causation . . . is whether the breach was a substantial factor in causing the damages." *US Ecology, Inc. v. State*, 28 Cal. Rptr. 3d 894,

910 (Cal. Ct. App. 2005). Transamerica argues that DCD had to show that damages resulted from the failure to use an alternative analysis to set rates. But the breach was not the failure to use an alternative analysis—it was Transamerica's impermissible rate increase. That rate increase directly caused DCD's damages, and the jury awarded the stipulated amount of additional premiums paid by DCD as a result of the increase. That was consistent with California law. *See* Cal. Civ. Code § 3300.

Transamerica offers no independent argument as to the jury's finding that it also breached the covenant of good faith and fair dealing. We therefore affirm the district court's denial of Transamerica's motion for judgment as a matter of law.

2.      Transamerica argues that the district court erred in awarding supplemental damages because the Seventh Amendment prohibits additur when the amount of additional damages is disputed. But Transamerica does not dispute that, after July 2017, it continued to charge DCD the same increased premium based on the 2013 rate increase that formed the basis of its liability at trial. The district court therefore permissibly increased the damages award to reflect premiums paid during that period.

3.      Transamerica argues that the district court abused its discretion by denying its motion for a new trial due to the admission of what Transamerica characterizes as unduly prejudicial race-based evidence. *See Ruvalcaba v. City of*

*Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (standard of review). Transamerica objected to that evidence in a pretrial motion in limine, but the district court's order denying the motion expressly stated that it was "without prejudice, to be renewed at trial." Transamerica did not renew the objection at trial, so we conclude that it was forfeited, and we do not address it. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 954 (9th Cir. 2011).

4.      In its opening brief, Transamerica asks us to reverse the permanent injunction "for the same reasons that require reversal or a new trial." Because Transamerica presents no independent argument that the entry of an injunction was improper, and because we have rejected Transamerica's other arguments, we affirm the injunction as well.

**AFFIRMED**.